Manning & Adams v. Norwood.

## MANNING & ADAMS v. NORWOOD.

1. On the plea of *non est factum*, proof that the signature of the obligor was genuine, raises the presumption that he executed the bond by sealing and delivering it.

2. Proof that N. signed a piece of blank paper, and handed it to P., to be filled up for a sum of money, does not authorize the implication of an authority to P., to seal and deliver it as the bond of N.

3. A plea alleging, " that the said supposed writing obligatory, if it was signed by him, was signed in blank, and for a totally different object, and for a sum of money, if any at all was to be secured thereby, for a less amount, and to different purposes than the plaintiffs alleged," bad, because it is uncertain and argumentative.

Error to the County Court of Jackson County.

DEBT on writing obligatory for eight hundred dollars, by the plaintiffs in error, against the defendant in error.

The defendant Patillo, failing to appear and plead, a judgment by default, was rendered against him. Norwood appeared, and pleaded to the declaration:

*First*—After craving oyer of the bond sued on, which was set forth, "that the said supposed writing obligatory, is not his deed, for the purpose therein specified, and of this he puts himself upon the country"—appended to the plea, is an affidavit of its truth:

*Second*—After craving oyer, " the said Henry Norwood says, that the said supposed writing obligatory, if ever signed by him, was signed in blank, and for a totally different object, and for a sum of money, if any at all was to be secured thereby, for a less amount, and a different purpose, than the plaintiffs have alleged, and of this he puts himself upon the country," &c.—annexed to the plea is the following affidavit:

ALABAMA, JACKSON COUNTY—

"Personally appeared before me, Moses James Clerk, of the

county court of Jackson county, in open court, Henry Norwood, who, after being duly sworn, says, that the instrument sued on in this case, if executed by him at all, was executed in blank, and was not to be filled up for a greater sum, than about four hundred dollars, to be given for goods, in Nashville, Tennessee; and by him handed to his co-obligor to be filled up by him, for that sum and for that purpose alone; otherwise, the same was to be considered as a nullity, and to be returned to him; which event did not happen, and wherefore it is not his deed."

The plaintiffs took issue on the first plea, and demurred to the second; which demurrer was overruled by the court—and the issue being found for the defendant, Norwood, judgment was rendered in his favor.

During the trial a bill of exceptions was taken, from which it appears, that the plaintiffs having proved the signature of Norwood to be genuine, except the seal, which was proved not to be in his hand writing, nor any proof, that he authorized any one to make or affix the scroll to his name; and the defendant Norwood having proved, that if he executed the bond sued on, it was done by signing a blank piece of paper, for the purpose of being filled up in Nashville, Tennessee, in favor of Douglass, Wood & Co. for the sum of four hundred dollars, payable twelve months after date, and for no other purpose; and if the same was not used there it was to be returned, and become void; the plaintiffs, by attorney, moved the court to instruct the jury:

*First*—That if they believed from the evidence, that the said H. Norwood, signed his name on a blank piece of paper, which was afterwards filled up with the words and figures of the bond sued on, and came to the plaintiffs' hands without notice, he is liable in this action.

*Second*—That no agreement between the two defendants unknown to the plaintiffs, can affect them in this suit.

*Third*—That the proof of the signature and hand writing of the said defendant Norwood, is sufficient *prima facie* evidence, to prove the bond sued on, to be the bond of the said Norwood. These charges the court refused to give, and the plaintiff except-

Manning & Adams v. Norwood.

ed thereto; and now assigns the refusal of the court to charge us moved for, and the overruling the demurrer, as error.

HOPKINS, for the plaintiff in error.

ORMOND, J.—The second plea in this case is clearly bad. It is not direct and positive, but is entirely argumentative. It is also void for uncertainty. It neither admits or denies, that the defendant executed the deed, but states hypothetically, that if executed at all, it was for a purpose entirely different from the one stated in the declaration. No fact is alleged upon which issue can be taken, and therefore it is not capable of trial. The demurrer to the plea, for the reasons stated, should have been sustained.

It is well settled, that where one signs his name to a blank piece of paper, with intent that it shall be filled up as a note, or endorsement, he will be responsible to any one becoming the owner of the paper in good faith, and for a valubale consideration; although the person entrusted with the blank should fill it up for a larger sum, or use it for a different purpose than the one agreed on. See Roberts v. Adams 8th Porter 301, and Herbert v. Huie, at the last term, and cases there cited.

But can this doctrine be applied to a bond? In the cases just cited there was an authority implied to fill up the blank; but does the mere signing a piece of paper, with the intent that it shall be filled up with a promise to pay a sum of money, imply an authority to *seal and deliver it?* Unless this implication can be made, there can be no recovery in such a case. It is true, that by our statute law, most of the distinctions between parol and sealed instruments at the common law, have been abrogated; and it would seem that the distinction we are taking is really without any difference; as there is in truth, no more solemnity at this day, in the execution of a bond by merely affixing a scroll to the name, than there is in the making of a promissory note; but so long as the distinction is suffered to remain by the Legislature, it must be recognized by this court.

The first and second charges therefore, moved for by the

plaintiffs in error, as they assume, that a signature to a blank piece of paper entrusted to another to be filled up for a sum of money, will authorize the person so receiving it, to fill it up as a writing obligatory, and seal and deliver it, and that any one receiving it without notice, may recover on it, were correctly refused by the court. It is however, worthy of remark, that as the paper was in blank, and afterwards sealed and filled up to the plaintiffs in error, it is not easy to conceive how they could be ignorant of the facts.

The third charge, that the proof of the signature of Norwood to the bond, would be *prima facie* evidence that he executed it, should have been given by the court. By the silent operation of time, and by the diffusion of learning, the signing has become the most important part of the execution of a bond, especially since all notion of solemnity in its execution, has been exploded by the substitution of a flourish of the pen, for the ancient common law impression on wax. Such being the case, proof of the genuineness of the signature, raises the presumption of the due execution of the deed. But this presumption, like all others, yields to the force of proof to the contrary.

The court therefore, should have given the charge, and to prevent the jury from being misled, it would have been highly proper to add, that nevertheless if it was in proof, that Norwood *did not seal and deliver the bond, or authorize it to be done,* the presumption would be destroyed.

Let the judgment be reversed and the cause remanded.